FILED

JUN 21 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eileen Raye Lawrence, )
)
      Plaintiff, )
)
v. ) Civil Action No. 19-1630 (UNA)
)
Ricardo Martinez *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] and her "Amended Complaint in the nature of a Bill in Equity as an Original Suit" [Dkt. # 3]. The application will be granted, and this case will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of the case "at any time" the court determines that it is frivolous).

Plaintiff is a resident of Hemet, California. Plaintiff has sued in their personal capacities two federal judges in the United States District Court for the Western District of Washington and three United States Attorneys in Seattle, Washington. Am. Compl. ¶ 11; *see* Compl. Caption. Plaintiff's Amended Complaint, like the original pleading, is far from clear. It is misleadingly captioned "United States of America Ex Rel Eileen Ray Lawrence," and plaintiff's reason for including the United States as "a party," Am. Compl. ¶ 4, is seriously flawed. She "brings this complaint ex rel in behalf of the United States of America because the defendants are impairing a contract for which the United States is a party-beneficiary, which the defendants have impaired." *Id.* ¶ 18. Apart from that illogical explanation, it is reasonably safe to conclude that the

1

government has not consented to this lawsuit. Therefore, it is deemed to be brought solely by Lawrence.

Plaintiff's claims stem from the federal prosecution of her daughter, Diane Renee Erdmann, in the Western District of Washington. *See* Am. Compl. Ex. 7 (Crim. Docket for *USA v. Hansen*, No. 2:18-cr-00092-RAJ-2). Plaintiff alleges that she posted bond in the criminal case for $300 million, which "was accepted by the court and entered as item # 72 on the [criminal] docket."[1] *Id.* ¶ 101. Therefore, plaintiff posits, her daughter is "a beneficiary of the Eileen Raye Lawrence trust/estate, that makes . . . Raye a co-surety for Diane Renee Erdmann *Cestui Que Trust*[.]" Am. Compl. ¶ 74. Because of the alleged bond, plaintiff claims that she "owns" the criminal case, *id.* ¶ 102, "had every right to bring this matter before the trial court for dismissal, *id.* ¶ 74, and "has demanded [it] be dismissed, yet the defendant judges have failed to comply, willfully committing insurrection and rebellion to United States laws," *id.* ¶ 102. Plaintiff claims that the defendants have "robbed" her, and she demands that the "bond be liquidated and all proceeds returned" to her. *Id.* ¶ 105.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter.[2] *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981)

---

[1] A "Notice to the Parties" entered March 8, 2019, on the criminal docket acknowledges the filing of the Indemnity Bond three days earlier but adds: "The Court does not intend to take any action on this document, which has been filed by a non-party in this case."

[2] Plaintiff asserts that "the judges and the U.S. Attorneys know their Article I court does not have judicial authority to fine or imprison any living Man or Woman" and thus have "act[ed] outside their jurisdiction from the beginning," Am. Compl. ¶ 16, but her premise is unfounded. The U.S. District Court for the Western District of Washington is an Article III court possessing the same

(per curiam) (citing cases). Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts"). Furthermore, "prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process." *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 686 (D.C. Cir. 2009) (internal quotation marks and citation omitted). Plaintiff's Amended Complaint contains no discernible allegations against the named prosecutors, much less any suggesting that they engaged in conduct beyond their "'*role as an advocate for the State*,'" which entitles them "'to the protections of absolute immunity.'" *Id.* (quoting *Kalina v. Flectcher*, 522 U.S. 118, 126 (1997) (emphasis in original)).

More generally, complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Crisafi*, 655 F.2d at 1307-08 ("A court may dismiss as frivolous complaints reciting bare legal conclusions . . ., or postulating events and circumstances of a wholly fanciful kind."). Plaintiff's complaint satisfies this standard as well; therefore, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the

---

powers as this and any other federal district court. *See* 28 U.S.C. § 132 (creation and composition of district courts); *id.* § 128 (creating two judicial districts in Washington state); *see also* 18 U.S.C. § 3231 (granting original jurisdiction in the district courts over federal offenses); 28 U.S.C. §§ 1331, 1332 (granting original jurisdiction in the district courts over designated civil actions).

3

challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)). A separate order accompanies this Memorandum Opinion.

Date: June 21, 2019

_____
United States District Judge
J. Bosley